UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE; and MICHIGAN OIL AND GAS ASSOCIATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 25-cv-67 |
| LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency; U.S. ENVIRONMENTAL PROTECTION AGENCY; and UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE**

Defendants respectfully move for an order holding this case in abeyance, with status reports due every 90 days, to allow new EPA leadership to review this matter.

1. Plaintiffs challenge the constitutionality of the Clean Air Act's methane waste emissions charge under 42 U.S.C. § 7436. *See* Compl, ECF No. 1, PageID.1-22.

2. Defendants' response to the complaint is due March 28, 2025. The response deadline is 60 days after service on the United States Attorney. Fed. R. Civ. P. 12(a)(2). Plaintiffs stated that they sent the summons and complaint to the U.S. Attorney's Office by certified mail on January 21, 2025. ECF No. 6, PageID.42. But as indicated on the summons, the 60-day deadline is counted from the date of receipt, not the date when Plaintiffs sent the summons by certified mail. *See* Summons, ECF No. 3, PageID.32 (stating that a response to the complaint is due "within 60 days after service of this summons on you (not counting the day you

1

received it)"). The U.S. Attorney's Office date-stamped the complaint as received on January 27, 2025.

3. Following the change in administration on January 20, 2025, EPA is under new leadership. EPA needs time to brief its new leadership on this case, the Clean Air Act's methane waste emissions charge, and EPA's final rule implementing the methane waste emissions charge. 89 Fed. Reg. 91094 (Nov. 18, 2024). To give new leadership time to familiarize themselves with this matter and determine how they wish to proceed, Defendants respectfully request that the Court place this case in abeyance, with status reports due every 90 days.

4. Courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) ("entry of such an order [to stay proceedings] ordinarily rests with the sound discretion of the District Court"); *Scottsdale Ins. Co. v. Mod. Stucco & Servs., Inc.*, No. 1:22-CV-666, 2023 WL 9067584, at *3 (W.D. Mich. Aug. 3, 2023) ("The Court has the inherent authority to manage its docket, including to stay cases . . . ."). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

5. Courts have routinely granted abeyance motions to give a new administration the time to review pending cases and determine how they wish to proceed. *See, e.g.*, Order (Doc. Nos. 1883880, 1882301),[2] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (Doc. Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18,

---

[2] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for an abeyance.

2

2017) (granting abeyance of challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (Doc. Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (granting abeyance of challenges to Clean Power Plan rule following change of administration).

6. Undersigned counsel conferred with Plaintiffs' counsel, who stated that Plaintiffs consent to the relief requested in this motion.

7. For these reasons, EPA respectfully requests that the Court issue an order holding this case in abeyance, with status reports due at 90-day intervals beginning on the date of the Court's order.

Respectfully submitted,

LISA LYNNE RUSSELL
Deputy Assistant Attorney General

 /s/ Tsuki Hoshijima
TSUKI HOSHIJIMA
ANDREW S. COGHLAN
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 532-3285 (Hoshijima)
tsuki.hoshijima@usdoj.gov

**CERTIFICATE OF SERVICE**

On February 10, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*/s/ Tsuki Hoshijima*

3