UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN FREE ENTERPRISE
CHAMBER OF COMMERCE, et al.,

    Plaintiffs,

v.

JANE NISHIDA, et al.,

    Defendants; and

ENVIRONMENT DEFENSE FUND, et al.,

    Proposed Intervening Defendants.
_____/

CASE NO. 1:25-CV-67

HON. ROBERT J. JONKER

**ORDER**

Plaintiffs are trade organizations with members who may be subject to or otherwise affected by the Methane Tax imposed under Section 136 of the Clean Air Act, added as part of the Inflation Reduction Act in 2022. They say Section 136 is unconstitutional on multiple grounds and they filed suit on January 17, 2025, to enjoin the U.S. EPA from enforcing it. (ECF No. 1). A number of environmental groups moved to intervene as defendants on February 7. 2025. (ECF No. 7). On February 10, 2025, the defendants moved without opposition from the plaintiffs to hold the case in abeyance indefinitely (with 90-day status updates) pending review of the merits by the incoming administration. (ECF No. 8).

The Court does not have any problem giving defendants time to assess the issues and formulate their litigation strategy in light of the policies of the incoming administration, but the Court would not normally be willing to enter an indefinite stay with updates every 90 days, as

proposed by defendants.  An incoming administration understandably needs time to formulate policy positions and litigation strategy, but that legitimate need does not usually justify an indefinite hold.  That is especially true when proposed intervenors are asking to participate.  At a minimum, the original parties should be prepared to present their position on the proposed intervention, and the proposed intervenors should have the opportunity to respond to the proposed stay before the Court makes any final calls on these matters.

Accordingly, **IT IS ORDERED**:

1. Plaintiffs and defendants shall file their response to the Motion to Intervene not later than **March 17, 2025**.

2. The proposed intervenors shall file their response to the Motion to Stay not later than **March 17, 2025**.

3. Defendants' deadline for response to Complaint is enlarged beyond the time it would normally have under Rule 12(a)(2) (estimated as March 21, 2025) to **April 30, 2025**.

**IT IS SO ORDERED**.


Dated:   February 12, 2025              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE